IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IOU CENTRAL, INC.,                          :
d/b/a IOU FINANCIAL, INC                    :
                                            :
        Plaintiff,                          :
vs.                                         :        Case No.
                                            :
ANDREY A. ROSIN, A/KA                       :
ANDREY ALEXANDER ROSSIN,                    :
GENNEDY LEBEDEV,                            :
DENIS LEONTEV,                              :
INTOACTIONTREATMENT, LLC,                   :
DR'S BILLING ONE, LLC                       :

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.      Plaintiff IOU is incorporated in Delaware, its principal place of

business located in Georgia, a citizen of both states per 28 U.S.C. §1332.

2.      Defendants Andrey A. Rossin [AAR] and Gennady Lebedev [GL] are

individuals domiciled in and citizens of Florida per § 1332.  [Debtors]

3.      Defendant Intoaction [IAT: Business] has two members, Defendants

AAR and GL, dissolved by them on 8/8/17, presumed insolvent by that date.

4.      Defendant Dr's Billing [DBO] has two members, Defendant AAR and

Denis Leontev [DL] also domiciled in and a citizen of Florida, formed 5/22/17.

5.      Per §1332, the parties are diverse and the sum in controversy exceeds

$76,000.00 such as damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th

Cir. 1967), **_Cohen v. Office_**, 204 F.3d 10717 (11th Cir. 2000), **_Groves v. Rogers_**, 547 F.2d 900 (5th Cir. 1977), **_Ryan v. State Farm_**, 934 F.2d 276 (11th Cir. 1991), **_Holley v. Credit_**, 821 F.2d 1531 (11th Cir. 1987) IOU's relief is valued in excess of $76,000.00. **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

6.     Per O.C.G.A. § 9-10-90 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants, who transacted business in Georgia, personally or through their agent(s), such as the Loan at issue, committed, or conspired to commit tortious acts or omissions, including by agents of each other, by persistent contact there, such as the misconduct at issue, from which they derived revenue from services, such as the Funds at issue; reasonably consented to personal jurisdiction there, such as by the Instruments at issue, where they are subject to liability, purposefully availed themselves to activities there, such as the Funds at issue and consented to its  jurisdiction.

7.     Under 28 U.S.C. § 1391 and § 89, venue is proper as Defendants reside in this District; and/or a substantial part of the events or omissions giving rise to the claims occurred here; and/or the property at issue is located in this District; and/or consented to this venue and/or otherwise conduct business here.

8.     On 12/18/15, Debtor(s) submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] purportedly for themselves and the

Business, who knew of, benefitted from, consented to and ratified the Loan, which

refinanced their unsatisfied Prior Loan with IOU in a principal sum of $$85,085,

closed 6/19/19, Loan No. 130396 otherwise with the same terms as the current

Loan, subrogated into this Prior Loan.

9.      On 12/24/15[Closing Date] Debtor(s) executed a Promissory Note for

the Business to IOU for a principal sum of $65,160.00, at IOU's Georgia office

website, in exchange for its Funds of that sum, with a loan guaranty fee,

confirming all information, consenting to Georgia law and personal jurisdiction, of

which Defendants knew, benefitted, consented and ratified.

10.     The Note includes a Security Agreement, by which Business and

Debtors, recipients of the Funds, were to encumber their property, proceeds and

assets as collateral for the Loan, upon which IOU relied in approving the Loan, of

which Business and Debtors knew, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to
> become due and the performance of all obligations of Borrower from
> time to time under this Note and all extensions, renewals and
> amendments of any of the foregoing Borrower hereby pledges,
> transfers, assigns, conveys and grants a security interest to a
> continuing lien upon and security interest in and to all of Borrower's
> now owned or hereafter acquired, created or arising property
> including any right, title or interest in or to property of any kind
> whatsoever, whether real, personal or mixed, and whether tangible or
> intangible, and in each case regardless of where such Property may be
> located and whether such Property may be in the possession of
> Borrower, Lender or a third party and shall include any right, title or
> interest in or to property of any kind whatsoever, whether real,
> personal or mixed, and whether tangible or intangible and (1) any and

all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Promissory Note Paragraph 20]

11.    On the Closing Date(s), Debtor(s) electronically executed Guaranty(s) of the Note, at IOU's Georgia office website, guaranteeing the Note and Security Agreement, who received and personally benefitted from the Funds and again agreed to Georgia law in the Guaranty, of which Debtor(s) and Business knew, to which they consented, benefitted and ratified as co-guarantors.

12.    Per the Guaranty, Debtor(s)  granted and/or intended to grant the same security interest in their property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which Defendants knew, consented, benefitted and ratified, with the same security interest in their property, assets and proceeds.

13.    On the Closing Date, Debtor(s) executed a Debit Agreement with the Business to IOU, authorizing Loan payments by their account to IOU's Georgia

office, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

14.     On the Closing Date, Debtor(s) approved disbursement of the Funds, by IOU's Georgia office, of which Business, consented, benefitted and ratified.

15.     On the Closing Date, Debtor(s) and Business received the Funds by wire transfer from IOU's FDIC- bank account into their account, of which they knew, consented, benefitted and ratified.

.     16.     IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, such as Debtor(s) and Business, to be repaid the Funds and would not have otherwise advanced the Funds under the Guaranties, Note and Agreements.  [Instruments]

17.     Debtor(s) and Business breached the Instruments almost immediately after receipt of the Funds of which they knew, benefitted, consented and ratified.

18.     Debtor(s) and Business did not intend to repay the Funds, a fact they did not disclose to IOU, who acted as agents of each other in relation to the Funds and the Loan of which they knew, benefitted, consented and ratified.

19.     Debtor(s) and Business were unable or unwilling to repay the Loan, before its origination, which they knew, benefitted, consented and ratified.

20.     Defendants are jointly and severally liable for the Loan and Instruments, by fulfillment of at least one of the below events; who namely:

(a)     Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b)     Operate as or are a partnership, for their same, related business; the Business in which they share the benefits and liabilities including the Funds.

(c)     Owned/operated the Business as their alter-ego, disregarding it as a separate entity, using it as a conduit/instrumentality for their personal affairs, obtaining the Funds and avoiding the Loan, share and co-mingle their assets, finances, ownership and offices, including those of Defendant DBO.

(d)     The Business lacks an existence separate from Defendants, per their unified interest or ownership, a mere subterfuge to avoid payment of IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e)     Debtor(s) conspired with Defendant DL to form Defendant DBO, into which they transferred the assets, property and proceeds of the Business, to fraudulently and wrongfully hinder and impede IOU's enforcement of the Loan.

(f)     Defendants assumed the debts and liabilities at issue, the Loan, the Instruments and IOU's claims, who have a debtor-creditor relationship with IOU.

(g)     Defendants merged with the Business, fraudulently attempted to avoid the Loan and/or are a mere continuation of the Business,

21.   IOU's Instruments attached to all property, assets and/or proceeds of Defendants, such as the below Properties:

(a)   200 172nd St, Apt. 510, Sunny Isles Beach FL, 33160, Parcel No. 3122110201660, purportedly owned by AAR, from which DBO is operated.

(b)   200 178th Drive, Apt. 603, Sunny Isles Beach FL, 33160, Parcel No. 3122110250390, purportedly owned by GL.

(c)   Any UUC-1 by IOU on the Loans, to which all other property, assets, proceeds and interests of the Defendants are subject.

22.   Debtor(s) and Business did and/or conspired to make false and misleading representations or omissions of material fact to IOU, to fraudulently induce IOU to close the Loan, who negligently, knowingly misrepresented and/or failed to disclose to IOU (a) the ultimate involvement of all Defendants with the Loan (b) sought the Loan Funds for undisclosed purposes such as to maintain the Properties and/or to open DBO (c) did not intend to and/or could not perform the Loan (d) intended to defraud, delay or hinder enforcement of the debt, such as closing the Business and opening DBO.

23.   IOU justifiably and reasonably relied on the misrepresentations of Defendants as honest and accurate throughout the Loan process and in the Instruments, inducing and causing IOU to wire the Funds to them.

24.     IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

25.     Defendants breached the Instruments, did not satisfy the Claims, violated their terms, now in default; IOU accelerated the Loan balance.

26.     Defendants induced and/or encouraged IOU to confer the Funds on them per the Instruments of which they knew, benefitted, consented and ratified.

27.     IOU provided the Funds to the Defendants, directly and/or through their agents, expecting repayment, of which they appreciated, knew, benefitted, consented and ratified.

28.     Defendants knew of, accepted and retained the Funds, which they did not reject, which they should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

29.     Defendants are indebted to IOU for the Funds, attorney's fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

30.     Defendants are liable for each other's acts and omissions as partners, servants, agents and/or successors, by command and/or in prosecution of, within the scope of their relationship, by which they jointly benefitted and/or ratified.

31.    All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS

32.    ¶ 1-31 are incorporated.

33.    Defendants are jointly liable for the Funds, whose property, assets and proceeds are subject to the Instruments, procured by their conspiracy but seek to wrongfully evade the Loan.

34.    The misconduct of Defendants caused wrongful omission of all of them, their property, assets and proceeds from the Loan to which they are subject.

35.    The misconduct of Defendants permits them to wrongfully retain the Funds at IOU's expense, with their property, assets and proceeds, absent IOU's intended secured interests in them, for which IOU has no adequate legal remedy.

36.    The Instruments are intended to bind all recipients and beneficiaries of the Funds, the Defendants, whose property, assets and proceeds are to secure the Loan, of which they knew, consented to, benefitted from and ratified, such as receiving and retaining the Funds.

37.    The Instruments are intended as and constitute a security interest in all property, proceeds and assets of Defendants, reasonably identified and described as collateral, of which they knew, consented, benefitted and ratified.

38.     Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 10-1-1 *et seq*, 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare, establish and reform IOU's Instruments to bind Defendants, who are jointly liable for the Loan, a security interest in their property, assets and proceeds, grant all just relief.

39.     Alternatively, per O.C.G.A. § 51-1-1 *et seq* and applicable law, IOU demands judgment against Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages for their misconduct and all just relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

40.     ¶ 1-31 and ¶ 38-39 are incorporated.

41.     Defendants knew of, consented to, benefitted from and ratified the Instruments, accepting the Funds, for which they are jointly and severally liable.

42.     Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

43.     IOU accelerated the principal balance of its defaulted Instruments of which the Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

44.     Per O.C.G.A. § 13-1-11, the Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted for IOU's fees/costs, unless all principal, interest and other

charges due to IOU under its Instruments are paid within 10 days after the service date of this Complaint.

45.     Per O.C.G.A. § 13-1-1 *et seq* and applicable law, IOU demands judgment against Defendants for damages under the Instruments in the principal sum of at least $76,000.00, attorney's fees, interest, costs and grant all just relief.

### COUNT III: BREACH OF FIDUCIARY DUTY, CONVERSION AND RELATED RELIEF AS TO ALL DEFENDANTS

46.     ¶ 1-31, ¶ 38-39 and ¶ 45 are incorporated.

47.     Debtor(s) rendered Business insolvent, incurring debt which it could not repay, looting its property, assets and proceeds, which they dissolved.

48.     Debtor(s) owed fiduciary duties to creditors of the Business, such as IOU, as managers/owners/officers of the Business to conserve and manage its property, assets and proceeds in trust for the benefit of its creditors, such as IOU, at least after its insolvency, which they were not convert or give away, precluding collection of IOU's debt, to benefit themselves at IOU's their expense.

49.     Debtor(s) breached their fiduciary duties to IOU by misusing the property, assets and proceeds of Business after its insolvency, such as the Funds, to benefit themselves, dishonestly, in bad faith (a) such as paying themselves from them, in exchange for worthless compensation, in an sum at least equal to the Loan Balance (b), using them to satisfy debts of Defendants, such as on the Properties

(c) converting them for their use, including to open and operate DBO with DL, in a sum at least equal to the Loan Balance.

50.   Debtor(s) breach of their fiduciary duties proximately and/or actually damaged IOU by wrongfully precluding performance of the Loan by the Business and their conversion of its property, assets and proceeds precluded enforcement of IOU's Security Agreement in them.

51.   The other Defendants aided, abetted and procured Debtor(s) breach of fiduciary duty and conversion of which they knew, from which they benefitted, to which they consented and ratified, for which they are jointly and severally liable.

52.   The misconduct of Defendants was willful and wanton, who were consciously indifferent and grossly negligent, requiring relief to punish and penalize them and deter future misconduct.

53.   Per O.C.G.A. §51-1-1 *et seq* and applicable law, IOU demands judgment as to Defendants for compensatory, consequential, special, nominal and punitive damages of at least $76,000.00, plus costs, for the misconduct and just relief.

## COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO DEFENDANTS

54.   ¶ 1-31, ¶ 38-39, ¶ 45 and ¶ 53 are incorporated.

55.   Defendants induced and/or encouraged IOU to confer the Funds upon them through Debtor(s), of which they knew, benefitted, consented and ratified.

56.     IOU provided the Funds to Defendants through Debtor(s), expecting their repayment, which they appreciated, knew, benefitted, consented and ratified.

57.     Defendants knew of and accepted the Funds which should be repaid, who are otherwise unjustly enriched by them at IOU's expense.

58.     Defendants are indebted to IOU for the Funds and costs.

59.     IOU demands judgment against the Defendants for the unpaid balance of the Funds, plus interest, costs and grant all just relief.

## COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO ALL DEFENDANTS

60.     ¶ 1-31, ¶ 38-39, ¶ 45, ¶ 53 and ¶ 59 are incorporated.

61.     Debtor(s) and Business fraudulently induced IOU to provide the Funds, enter into the Loan, without any intention of satisfying the debt, satisfaction of which they have wrongfully precluded, aided/abetted by the other Defendants.

62.     Defendants knew of, accepted and retained the Funds as a secured debt, who wrongfully retain their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

63.     An equitable lien and/or mortgage to secure IOU's current debt is intended and implied on the property, assets and proceeds of Defendants.

64.     Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 18-2-1 *et seq*, § 23-1-1 *et seq* and applicable law, IOU requests the Court declare and impose an equitable

lien/mortgage on all property, assets and proceeds of Defendants, in a sum at least equal to the Loan, relating back to its execution/origination, grant all just relief.

## COUNT VI: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

65.    ¶ 1-31, ¶ 38-39, ¶ 45, ¶ 53, ¶ 59 and ¶ 65 are incorporated.

66.    The property, assets and proceeds of Defendants were to secure the Loan, per the Instruments, who knew of, benefitted from, consented to and ratified the Loan, but wrongfully preclude its performance.

67.    Defendants knew of, accepted and retained the Funds but are unjustly enriched at IOU's expense by wrongfully retaining their property, assets and proceeds, absent IOU's interest(s) in them to which IOU has no adequate remedy.

68.    A constructive trust to satisfy the Instruments is implied upon on all property, assets and proceeds of Defendants, to avert unjustly enriching them, in which they can enjoy no beneficial interest contrary to principles of equity.

69.    Per 28 U.S.C. § 2201 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of Defendants, in a sum at least equal to the Consent Judgment, relating back to its entry, grant all just relief.

## COUNT VII: ATTORNEY'S FEES AND
## RELATED RELIEF AS TO THE DEFENDANTS

70.    ¶ 1-31, ¶ 38-39, ¶ 45, ¶ 53, ¶ 59, ¶ 65 and ¶ 69 are incorporated.

71.    Defendants acted in bad faith by their misconduct, refusing to resolve

these matters, requiring IOU to bring this action and incurred costs and fees.

72.    Defendants were stubbornly litigious as there was no dispute of their

liability to IOU, which resorted to unnecessary trouble/expense to bring this action.

73.    Per O.C.G.A. § 13-6-11 and applicable law, IOU demands judgment

against Defendants for its fees, costs and just relief, if not otherwise granted.

74.    The individual Defendants are not minor(s), not adjudged incompetent;

not in the military for the last 30 days, not subject to protection per 50 U.S.C.

§3901 *et seq.*

## L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in

Times Roman 14-point typeface.

Respectfully submitted this 17th day of May 2020.

By:    */s/Paul G. Wersant*
       Paul G. Wersant
       Georgia Bar No. 748341
       3245 Peachtree Parkway, Suite D-245
       Suwanee, Georgia 30024
       Telephone: (678) 894-5876
       Email: pwersant@gmail.com
       Attorney for Plaintiff IOU
       File No. 42811